IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-628 |
| ROGER WALLACH | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE OUT OF TIME, AND RESPONSE IN OPPOSITION TO DEFENDANT'S PRO-SE MOTION TO CHANGE ALL GOVERNMENT AND BUREAU OF PRISONS RECORDS TO REFLECT A DIFFERENT NAME**

Defendant Roger Wallach moves this Court to order that all Government and Bureau of Prisons records – including those which reflect his 2018 federal judgment of conviction for child sex offenses – be altered to reflect the new name he has chosen for himself: Rachel Marie Diamond. As is discussed more fully below, his request is not authorized by any category of post-trial motions, leaving this Court without jurisdiction to entertain his Motion. Additionally, as the defendant is now a convicted child sex offender, any change in his name will impact his sex offender registration requirements, and his Motion should be denied on this basis as well.

I.      PROCEDURAL BACKGROUND

On May 21, 2018, the defendant entered a plea of guilty to the ten-count Indictment, which charged him with manufacture of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts One through Nine), and possession of child pornography, in violation of 18

U.S.C. § 2252(a)(4)(B) (Count Ten).[1] The charges arose as a result of the defendant's surreptitious videotaping of young girls – ages 10 and 11 – as they showered, changed, and used the bathroom. The defendant manufactured and saved hundreds of images and videos of these girls on multiple electronic devices, as well as in his cloud storage account. The metadata from these images confirmed that he had recorded them every day for months. Significantly, in his recorded confession to police, the defendant admitted that he masturbated to these recordings, and that he has had a sexual attraction to pre-pubescent girls of this age for as long as he could remember.

On September 12, 2018, this Court sentenced the defendant to a 20-year term of incarceration, to be followed by a 20-year term of supervised release. Now, more than four years

---

[1] The defendant's plea was entered pursuant to a written plea agreement with the Government, in which he agreed to waive all rights to appeal or collaterally attack his conviction or sentence. The specific language of the waiver provision is as follows:

> If the Court accepts the recommendation of the parties and imposes the sentence stated in paragraph two of this agreement, the government agrees that it will not file any appeal of the sentence in this case, and the defendant agrees that he voluntarily and expressly waives all rights to appeal or collaterally attack the conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes. However, the defendant retains the right to file a claim, if otherwise allowed by law, that an attorney who represented the defendant during the course of this criminal case provided constitutionally ineffective assistance.

*See* ECF 23, Guilty Plea Agreement, ¶ 10.

after his conviction in this case, he seeks an order from the Court that would retroactively change his legal name in every court document – including his Judgment of Conviction. *See* ECF 38. For the reasons set forth below, the Government opposes the Motion.[2]

## II.   SEX OFFENDER REGISTRATION

As a result of his conviction for sexual offenses involving children, the defendant is required, under federal law, to register as a sex offender. 34 U.S.C. § 20911. The Sex Offender Registration and Notification Act ("SORNA"), a federal law, requires the defendant to register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. He must update his registrations not later than three business days after any change of name, residence, employment, or student status. In addition, failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

The terms of the defendant's registration are determined by the state(s) in which he resides, works, or attends school. However, regardless of the defendant's state obligations to register, a separate federal obligation to register exists under SORNA.[3] *See United States v.*

---

[2] This Court entered an order directing the Government to file a response to the defendant's Motion by May 26, 2022. ECF 39. Government counsel was involved in a trial matter over this last week and respectfully requests that the Court grant a one-day extension to permit the filing of this response in opposition on May 27, 2022.

[3] SORNA was codified in Title I of the Adam Walsh Child Protection and Safety Act of 2006. Congress passed SORNA "to protect the public from sex offenders and offenders against

*Shenandoah*, 595 F.3d 151, 157 (3d Cir. 2010), *abrogated on other grounds by Reynolds v. United States*, 565 U.S. 432, 132 S.Ct. 975, 181 L.Ed.2d 935 (2012) (Federal SORNA imposes "an independent and federally enforceable duty ... on sex offenders to register."); *Thomas v. Blocker*, 799 Fed.Appx. 131, 135 (3d Cir. 2020), citing to *United States v. Pendelton*, 636 F.3d 78, 86 (3d Cir. 2011) (Federal requirement to register as a sex offender is not dependent upon an offender's state law requirements to register.)

The defendant's duty to register as a sex offender arises from this federal conviction – which is in the name of Roger Wallach. His judgment of conviction is in the name of Roger Wallach. Every public filing in this criminal case is under the name of Roger Wallach. All of his records as the Bureau of Prisons are in the name of Roger Wallach. For at least 20 years following his release from confinement,[4] law enforcement, at a minimum, will need to conduct searches to properly register this defendant under SORNA and under state law to determine if he is required to register, the terms of his registration, and whether he is in violation of the reporting requirements. Any change in name potentially impacts the Government's ability to ensure the defendant is in compliance with the law. SORNA also safeguards the public's right to know the

---

children" by "establish[ing] a comprehensive national system for the registration of [sex] offenders." *Id.* Consistent with its goals, SORNA registration requirements apply to state and federal "sex offender[s]." *See* 34 U.S.C. §§ 20911, 20913. SORNA defines "sex offender" to mean "an individual who [has been] convicted of a sex offense." *Id.* at § 20911(1), and further, defines a "sex offense" to include, among other offenses, a federal crime enumerated in Chapter 110, which include defendant's offenses of conviction in §§ 2251 and 2252. *Id.* at § 20911(5)(A)(iii).

4 The defendant is currently not eligible for release for at least another 14 years, on October 12, 2034. *See* www.bop.gov. That would extend his sex offender registration requirements into at least the year 2054.

4

location of this defendant as well – which includes his victims, who know him as Roger Wallach. To allow a change in his name would permit the defendant to evade his requirements to register as a convicted sex offender, and on this basis alone his Motion should be denied.

### III.  LEGAL ARGUMENT

Defendant Roger Wallach seeks an order mandating a retroactive change in his name to all existing Government and Bureau of Prisons documents. He files this Motion, without citation to any authority that would permit this Court to do so, almost four years after his conviction became final.

To begin, the defendant's request to change the name on his judgment of commitment is not authorized by any statute, and as a result, the district court is without jurisdiction to consider his motion. *See United States v. Varner*, 948 F.3d 250, 253-54 (5th Cir. 2020) (concluding that the defendant's request to alter his name based on a gender change was unauthorized by any statute, and the district court therefore lacked jurisdiction to consider the request). Though this Court has authority to consider post-conviction motions, such as a motion correct a sentence under Federal Rule of Criminal Procedure 35[5] or to correct clerical mistakes in judgments and orders under Federal Rule of Criminal Procedure 36,[6] this defendant's Motion request does not

---

5 Rule 35 requires that the motion be filed within 14 days after sentencing. *See* Fed. R. Crim. P. 35(a) (allowing court to correct "arithmetical, technical, or other clear error" in sentence "[w]ithin 14 days after sentencing").

6 Rule 36 permits a motion to be filed at any time, to correct a "clerical error in [the] judgment." Fed. R. Crim. P. 36. Here, changing the defendant's name – almost four years after his judgment of conviction was entered – in no way amounts to a "clerical error."

fall under either rule. Likewise, he fails to demonstrate that his Motion is proper under 18 U.S.C. § 3582(c)(2), because it is not based upon an amendment to the Sentencing Guidelines (*see* § 3582(c)(2), permitting court to modify term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)"); or under 18 U.S.C. § 3742, which applies only to direct appeals (*see United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (explaining that relief under § 3742 is "available ... only upon direct appeal of a sentence or conviction"); or under 28 U.S.C. § 2255 because he failed to challenge the validity of his conviction or sentence.[7] Thus, the defendant presents no legal basis under which the Court can grant him the relief he seeks.

Nor do the merits of his Motion warrant the relief he seeks here. The defendant has failed to first petition the state to enter a lawful change of name. Even had he done so, the defendant still has no constitutional right to have *pre-existing* records altered to reflect a newly adopted change of name. *See Jihad v. United States*, 2008 WL 4560711 (D.N.J. 2008) (defendant denied name change on Judgment of Conviction despite defendant's claim that change was instituted prior to the issuance of the Judgment); *United States v. Pemberton,* 2008 WL 324254 (D.N.J. 2008) (unpublished) (district court denied retroactive change to existing court documents with new religious name, finding that "such protection does not extend to documents that predate his legal name change, such as his judgment and commitment order."); *Lamb v. Norwood*, 262 F.Supp.3d 1151, 1159-60 (D. Kansas 2017) (denying defendant's right to alter previously filed

---

[7] Nor would he he have been successful, as the defendant waived his rights to appeal or collaterally attack his conviction or sentence as part of his negotiated guilty plea agreement.


court documents to reflect defendant's subsequent name change in state court); *United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005) (upholding district court's denial of motion for a new commitment order reflecting legal name change); *United States v. White*, 490 Fed. App'x. 979, 982 (10th Cir. 2012)(upholding Court's denial to include new name on Judgment of Conviction); *see also Barrett v. Commonwealth of Virginia*, 689 F.2d 498, 503 (4th Cir. 1982) ("Several precedents indicate that the free exercise of religion is satisfied by prospective recognition of a prisoner's adopted Muslim name and does not require revision or reordering of existing files.")

Bureau of Prisons' policy specifies that the name on a defendant's Judgment is considered the committed name to be used by the inmate and by BOP. Indeed, BOP policy requires that an inmate first petition the court when seeking a change of name, and to provide prison staff with verifiable documentation of the name change. *See* Federal Bureau of Prisons, Program Statement P5800.14 § 402(d) (Dec. 30, 2006). Once that has been done, the BOP provides a mechanism for allowing the use of *both* names while in BOP custody by allowing the new name to be reflected as an alias in parentheses after the convicted name. BOP Program Statement P5800.15, Chapter 4, § 402(d). The policy provides an avenue to allow inmates who adopt a new name – for certain specified reasons - to have those names entered in the BOP's "legal name" field:

> Additionally, inmates may adopt name changes in accordance with religious affiliations or other lawful means. It is the inmate's responsibility to provide CSD staff with verifiable documentation of the name change which will be entered by staff in the SENTRY "legal" name field.

*Id.* Accordingly, should the defendant choose to seek to lawfully change his name in the Commonwealth of Pennsylvania, he has an avenue by which to require the Bureau of Prisons to recognize his new name without amending the Judgment of Conviction or any other court document. He has no right to retroactively change the name under which he was convicted or to otherwise dictate how prison officials keep their records. *See United States v. Baker*, 415 F.3d 1273, 1274 (11th Cir. 2005); *Barrett*, 689 F.2d at 503 ; *Iman Ali Abdullah Akbar v. Canney*, 634 F.2d 339, 340 (6th Cir. 1980). Our courts – and the Bureau of Prisons - have a legitimate interest in maintaining an efficient system of identification and administration of defendants by means of accurate record-keeping.

In addition to the court records in the instant case, the defendant has a lengthy criminal record – including 10 criminal convictions, dating back more than 20 years, to 1998 – all in the name Roger Wallach. *See* PSR ¶ 68 to 77. He has records in county jail facilities and in Pennsylvania's Department of Corrections, as well as his federal Bureau of Prisons records, all in the name Roger Wallach. *Id.*; see also PSR ¶ 103. He also amassed quite a bit of debt, much of which is in collections, in his true name of Roger Wallach. PSR ¶ 106. Lastly, as noted above, his sex offender registration is based upon his Judgment of Conviction in the name of Roger Wallach. Retroactively changing the defendant's name on the Judgment would "result in confusion and create record-keeping problems for the federal courts." Equally important, it prevents the members of the public, and his victims, from obtaining what should be legally available information regarding this convicted child sex offender.

## V.      CONCLUSION

For all of the reasons outlined above, the Government requests that the defendant's Motion be denied.

                                                        Respectfully submitted,

                                                        JENNIFER ARBITTIER WILLIAMS
                                                        United States Attorney


                                                        <u>/s Michelle Rotella</u>
                                                        MICHELLE ROTELLA
                                                        Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Government's Response in Opposition to be served by United States Mail to the defendant.

/s Michelle Rotella
MICHELLE ROTELLA
Assistant United States Attorney

Date: May 27, 2022.