# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RACHEL MARIE DIAMOND, A.K.A. ROGER WALLACH | CRIMINAL ACTION NO. 17-628 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                               **July 19, 2022**

In 2018, Rachel Marie Diamond was sentenced under her former name of Roger Scott Wallach to a total of twenty years in prison after pleading guilty to the manufacture and possession of child pornography.[1] Ms. Diamond has filed two *pro se* motions requesting that the Court order the Bureau of Prisons ("BOP") and the United States to change her prison and court records to reflect her legal name change.[2] The government opposes the motions. For the reasons stated below, the motions will be granted in part and denied in part.

### I. BACKGROUND

Ms. Diamond asserts that she has identified as female since the age of 10 but "liv[ed] as a man among others to not be ridiculed or critiqued by family members."[3] Ms. Diamond states that she began hormone replacement therapy around January 2021 and that she plans to undergo

---

[1] J&C [Doc No. 34] at 1–3.

[2] Mot. Order BOP Change Records [Doc. No. 37]; Mot. Order BOP Change Records [Doc. No. 38]. The government's response brief repeatedly refers to Ms. Diamond by her prior legal name and male pronouns. Gov't Resp. [Doc. No. 40]. Ms. Diamond has legally changed her name and utilizes female pronouns in her motions. The Court addresses her accordingly.

[3] Mot. Order BOP Change Records [Doc. No. 37] at ECF page 2; Mot. Order BOP Change Records [Doc. No. 38] at ECF page 2.

gender reassignment surgery during her incarceration.[4] Ms. Diamond is incarcerated at FCI Fairton in New Jersey. The Superior Court of New Jersey Law Division for Cumberland County entered an order on September 9, 2021, approving her name change from Roger Scott Wallach to Rachel Marie Diamond, effective October 8, 2021.[5]

## II.   LEGAL STANDARD

The BOP Correctional Systems Manual § 402(d) provides that the "name entered on the [Judgment and Commitment Order ('J&C')] is considered the committed name to be used by the inmate, as well as the Bureau."[6] Furthermore, the BOP's SENTRY system "must reflect the committed name, which may only be changed by an order from the Federal sentencing court."[7] SENTRY also includes fields for legal and true names.[8] The BOP recently issued its Transgender Offender Manual, stating that:

> Staff interacting with inmates who have a CMA assignment of transgender, shall either use the authorized gender-neutral communication with inmates (e.g., by the legal last name or "Inmate" last name) or the pronouns associated with the inmate's identified gender. Deliberately and repeatedly mis-gendering an inmate is not permitted.
>
> The name entered on the inmate's Judgment and Commitment Order is the official committed name for all Bureau records (incident reports, progress reviews, sentence calculations, etc.). An official committed name change while in BOP custody must be done consistent with the Program Statement Correctional Systems Manual. Any additional names or aliases should be entered into SENTRY, as appropriate.[9]

---

[4] Mot. Order BOP Change Records [Doc. No. 37] at ECF pages 2–3; Mot. Order BOP Change Records [Doc. No. 38] at ECF pages 2–3.

[5] *In the Matter of Roger S. Wallach Assume Rachel Marie Diamond*, No. CUM L 391-21 (N.J. Super. Ct. Law Div.).

[6] BOP Policy No. 5800.15, § 402(d).

[7] *Id.*

[8] *Id.*

[9] BOP Program Statement, Transgender Offender Manual, No. 5200.08 § 12 (2022) (emphasis omitted).

There is no First Amendment right to retroactively change prison records to reflect an inmate's legal name where the inmate has changed her name for personal reasons.[10] However, district courts "have the ability to request that the BOP recognize Defendant's new . . . name" if the inmate has taken appropriate steps to legally change her name under state law.[11] Here, Ms. Diamond's name change has been approved by the New Jersey state court.[12]

### III. Discussion

The government opposes Ms. Diamond's motions on numerous grounds, several of which appear to be rooted in a mistaken belief that Ms. Diamond has not already secured a legal name change in the appropriate forum. First, the government argues that granting Ms. Diamond's request would impact her duty to register as a sex offender because this duty arises from federal convictions under her former name.[13] However, despite the government's contention to the contrary, Ms. Diamond has already legally changed her name. This is not the proper venue to challenge a New Jersey state court's approval of a name change petition. As the government notes, and the Court agrees, it is imperative that the public, including the victims of Ms. Diamond's crimes, know her current legal name and can connect it to her former legal name.

---

[10] *See Ali v. Stickman*, 206 F. App'x 184, 186 (3d Cir. 2006) (holding that a state prisoner did not have a First Amendment right to recognition of his legal name, which he changed for personal reasons); *Wolfe v. Beard*, No. 10-2566, 2010 WL 5173199, at *5 (E.D. Pa. Dec. 9, 2010) ("Where a prisoner changes her name for personal rather than religious reasons, the First Amendment does not require that her prison records be changed to reflect the same."); *see also United States v. Wing*, No. 08-324, 2017 WL 1102613, at *3 (E.D.N.C. Mar. 23, 2017) ("Defendant has no constitutional right to retroactively change the name under which he was convicted.").

[11] *United States v. Bowman*, No. 01-33, 2013 WL 2634404, at *3 (W.D.N.C. June 12, 2013); *see United States v. Dakine*, No. 15-31 Order Jan. 25, 2021 [ECF No. 75] (D. Colo. Jan. 25, 2021)) (ordering the BOP to change a transgender defendant's committed name to her legal name); *cf. United States v. Jenkins*, No. 12-513, 2017 WL 11446244, at *1 (D.S.C. Mar. 7, 2017) ("Before this court can order the BOP to recognize defendant's religious name, the defendant must first show that he has changed his name under the applicable state laws governing changes of names.").

[12] Mot. Order BOP Change Records [Doc. No. 38] at ECF page 5.

[13] Gov't Resp. [Doc. No. 40] at 4–5.

Indeed, when registering as a sex offender, federal law obligates an offender to provide "[t]he name of the sex offender (including any alias used by the individual)."[14] This would be the case regardless of whether the Court grants Ms. Diamond's motions.

Next, the government argues that the Court lacks jurisdiction to entertain these motions, citing to *United States v. Varner*, in which the Fifth Circuit held in a split decision that a district court lacked jurisdiction to consider a similar motion.[15] This case is not binding precedent on the Court. More persuasive is the reasoning of the dissent in *Varner* that Federal Rule of Criminal Procedure 36 provides a basis for jurisdiction.[16] Moreover, the BOP's internal regulations anticipate requests of this nature where an inmate has taken appropriate steps to execute a legal name change, as Ms. Diamond has done.[17] Courts in this circuit have also considered similar motions to change the names that appear on inmates' court and prison records.[18] The government's jurisdictional argument is therefore unavailing.

The government next seems to argue that Ms. Diamond was required to change her name in Pennsylvania even though she is incarcerated in New Jersey.[19] The government does not cite, and this Court has not found, any authority supporting this argument. New Jersey's name change statute provides that "[a]ny person may institute an action in Superior Court, for authority to

---

[14] 34 U.S.C.. § 20914(a)(1).

[15] 948 F.3d 250, 250 (5th Cir. 2020). The majority based its decision on the premise that the inmate's request did "not fall into any of the recognized categories of postconviction motions." *Id.* at 253.

[16] *Id.* at 259 (Dennis, J., dissenting).

[17] BOP Policy No. 5800.15, § 402(d).

[18] *See, e.g., Jihad v. United States*, No. 04-108, 2008 WL 4560711, at *1 (D.N.J. Oct. 10, 2008) (denying an inmate's motion to change the name on his J&C after the inmate legally changed his name); *United States v. Pemberton*, No. 03-97, 2008 WL 324254, at *1 (D.N.J. Feb. 6, 2008) (same).

[19] Gov't Resp. [Doc. No. 40] at 8.

assume another name."[20] The New Jersey Superior Court scheduled a hearing in this matter, and Ms. Diamond identified herself as an inmate by checking a box indicating that she had a criminal history and including the full address of FCI Fairton on her Verified Complaint.[21] As the government provides no justification for its position that Ms. Diamond needed to change her name in Pennsylvania, the Court does not credit this argument.

Finally, the government contends that Ms. Diamond should not be permitted to retroactively change her name on prison or court records because she incurred prior convictions and debt under her former legal name.[22] The fact that Ms. Diamond may have acquired debt or engaged in criminal activity while living under her former legal name underscores the importance of ensuring that governmental and financial entities, as well as members of the public, are able to associate her with her current legal name.[23] At the same time, the Court recognizes that the BOP "has a legitimate security interest in an efficient system of identification and administration of prisoners within its custody."[24] Further, under Rule 36, amendment of a judgment is only permitted to correct a clerical error, which is not the case here.[25] Although retroactively changing Ms. Diamond's name on prison and court records poses procedural and

---

[20] N.J. Stat. § 2A:52-1.

[21] Mot. Order BOP Change Records [Doc. No. 37] at ECF pages 5–6.

[22] Gov't Resp. [Doc. No. 40] at 8.

[23] *See* Gov't Resp. [Doc. No. 40] at 8.

[24] *Jihad*, 2008 WL 4560711, at *1 (citing *Fawaad v. Jones*, 81 F.3d 1084, 1087 (11th Cir. 1996)); *see also United States v. White*, No. 09-20147, 2011 WL 13174484, at *2 (D. Kan. Apr. 21, 2011), *aff'med* 490 F. App'x 979 (10th Cir. 2012) ("Granting defendant's request to amend the Judgment and Commitment order to reflect his new name would . . . result in confusion and create record-keeping problems for the federal courts.") (emphasis omitted))).

[25] Fed. R. Crim. P. 36. The Third Circuit has held that "[a] clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005) (internal quotation marks and citation omitted).

logistical problems, the government's arguments emphasize why it is imperative that Ms. Diamond's prison and court records accurately display her name from this point onward.[26]

### IV. CONCLUSION

Accurate recordkeeping is of paramount importance to the Court and the entire criminal justice system. This necessitates proper recognition of Ms. Diamond's legal name. Ms. Diamond's motions are therefore granted in part and denied in part. Should Ms. Diamond provide evidence of her legal name change to the BOP, the BOP will be directed to enter her legal name in the appropriate SENTRY field. The Court notes that the BOP is required to ensure that its staff members address Ms. Diamond in accordance with § 12 of the Transgender Offender Manual. Further, the Clerk of Court will be directed to change Defendant's name to Rachel Marie Diamond in the ECF system, with Roger Wallach listed as an A.K.A. An order will be entered.

---

[26] *See Bowman*, 2013 WL 2634404, at *3 (granting the defendant's request for the Court and the BOP "to recognize *both* [defendant's] committed name and his newly adopted Islamic name.").